IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al.,  Plaintiffs, v.  PETER KARITSIOTIS, a/k/a PETER KARIS, individually and d/b/a EXECUTIVE CONSTRUCTION,  Defendants, and METRO GARAGE, INC.,  Garnishee Respondent. | Case No.: 07 C 4664  Judge Kennelly |

## MOTION FOR ENTRY OF CONDITIONAL JUDGMENT AND FOR RULE TO SHOW CAUSE

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, Administrator of the Funds (hereinafter the "Funds"), by and through their attorney, Patrick T. Wallace, and hereby move this Court to issue a conditional judgment in the amount of $309,250.94 against Metro Garage, Inc. for failure to respond to an outstanding Wage Deduction Notice and setting a Return on Rule to Show Cause to convert the conditional judgment into a final judgment. In support of this Motion, Plaintiffs state as follows:

1. The Funds obtained a judgment in the amount of $309,250.94 in their favor and against Defendant Peter Karitsiotis, a/k/a Peter Karis, individually and d/b/a Executive Construction ("Karis") on September 23, 2010.

2. The Funds issued a Wage Deduction Notice and garnishment pursuant to 735 ILCS 5/12-801 on Metro Garage, Inc., a true and accurate copy of which is attached hereto as Group Exhibit A (including the Wage Deduction Notice, Wage Deduction Summons and the Wage Deduction Affidavit).

3. The wage garnishment was served on the Registered Agent for Metro Garage, Inc. on November 8, 2011. A true and accurate copy of the Affidavit of Process Server is attached

hereto as Exhibit B. The response to the wage deduction was due after November 17, 2011, but before December 6, 2011.

4. Defendant Karis filed a Chapter 7 petition for bankruptcy on December 20, 2011. In the petition, Karis identified Metro Garage as his current employer.

5. On April 10, 2012, Karis' bankruptcy was closed without discharge based on his failure to file an Official Form 23 Certification of Completion of Instructional Course Concerning Personal Financial Management. Karis has not moved to reopen the bankruptcy as of the date of this Motion.

6. To date, Metro Garage, Inc. has failed to respond to the outstanding wage garnishment.

7 Accordingly, pursuant to 735 ILSC 5/12-807(a), Plaintiffs respectfully request that this Court enter a conditional judgment against Third Party Garnishee Respondent Metro Garage, Inc. entering conditional judgment in favor of the Funds and against Metro Garage, Inc. in the amount of $309,250.94. Plaintiffs further request that this Court enter an Order directing Metro Garage, Inc. to appear by and through it's President, Jim Karitsiotis, and show cause why it should not be held in contempt not less than twenty-one (21) days nor more than thirty (30) days after the date of the issuance of the Order for Rule To Show Cause, in accordance with 735 ILCS 5/12-807(a). Further, Plaintiffs respectfully request that in the event that Metro Garage, Inc. fails to appear and show cause why it should not be held in contempt, that this Court enter final judgment in favor of the Funds and against Metro Garage, Inc. in the amount of $309,250.94, plus Plaintiffs' reasonable attorneys' fees and expenses in accordance with 735 ILCS 5/12-807(b).

WHEREFORE, Plaintiffs respectfully request that this Court enter a conditional judgment against Third Party Garnishee Respondent Metro Garage, Inc. entering conditional judgment in favor of the Funds and against Metro Garage, Inc. in the amount of $309,250.94. Plaintiffs further request that this Court enter an Order directing Metro Garage, Inc. to appear by and through their

Presdient, Jim Karitsiotis, and show cause not less than twenty-one (21) days nor more than thirty (30) days after the date of the issuance of the Order, in accordance with 735 ILCS 5/12-807(a). Further, Plaintiffs respectfully request that should Metro Garage, Inc. fail to respond to the Order for Rule to Show Cause that this Court enter final judgment in favor of the Funds and against Metro Garage, Inc. in the amount of $309,250.94, plus Plaintiffs' reasonable attorneys' fees and expenses in accordance with 735 ILCS 5/12-807(b).

April 27, 2012
                                                        Respectfully submitted,

                                                        Laborers' Pension Funds, et al.,

                                                By:     /s/ Patrick T. Wallace

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al., <br> Plaintiffs, <br> v. <br> PETER KARITSIOTIS, a/k/a PETER KARIS, individually and d/b/a EXECUTIVE CONSTRUCTION, <br> Defendants, <br> and <br> METRO GARAGE, INC., <br> Garnishee Respondent. | Case No.: 07 C 4664 <br><br> Judge Kennelly <br><br> Returnable after Nov. 17, 2011 <br><br> and before Dec. 6, 2011 |

## WAGE DEDUCTION NOTICE

**Judgment Debtor:** Peter Karitsiotis, a/k/a Peter Karis,
  individually and d/b/a Executive Construction
3103 Ridgeland Ave.
Berwyn, IL 60402-3576

Peter Karis
7716 Neenah Ave.
Burbank, IL 60459-1128

**Judgment Amount:** $309,250.94 ($0.00 of which has been paid)

**Date Judgment Entered:** September 23, 2010

**Employer:** Metro Garage, Inc.
c/o Ted Karitsiotis, Registered Agent
6201 W. 26th St.
Berwyn, IL 60402

**Summons Return Date:** <u>After November 16, 2011 and before December 6, 2011</u>

    **NOTICE:** The court shall be asked to issue a wage deduction summons against the employer named above for wages due or about to become due to you. The wage deduction summons may be issued on the basis of a judgment against you in favor of the judgment creditors in the amount stated above.

    The amount of wages that may be deducted is limited by federal and Illinois law.

(1)    Under Illinois law, the amount of wages that may be deducted is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the Federal minimum hourly wage

**EXHIBIT A**

(2) Under federal law, the amount of wages that may be deducted is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the Federal minimum hourly wage.

(3) Pension and retirement benefits and refunds may be claimed as exempt from wage deductions under Illinois law.

You have the right to request a hearing before the court to dispute the wage deduction because the wages are exempt. To obtain a hearing, you must notify the Clerk of the Court in writing at the following address: Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, 20th Floor, Chicago, IL 60604, on or before the return date specified above. The Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by you or your attorney and sent to the judgment creditors or their attorneys regarding the time and location of the hearing. This notice may be sent by regular first class mail.

On behalf of judgment creditors, the
Laborers' Pension and Welfare Funds

*Patrick T. Wallace*
Patrick T. Wallace

October 27th 2011

Office of Fund Counsel
Laborers Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
312/692-1540
312/692-1489 (fax)

2

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing Wage Deduction Notice was served on the following persons at the addresses indicated by first class mail with proper postage prepaid this ___27th___ day of October 2011.

Peter Karitsiotis, a/k/a Peter Karis,
 individually and d/b/a Executive Construction
3103 Ridgeland Ave.
Berwyn, IL 60402-3576

Peter Karis
7716 Neenah Ave.
Burbank, IL 60459-1128

Courtesy Copy:
Algirdas P. Ambutas
Law Office of Algirdas P. Ambutas
320 Circle Ave., 1st Floor
Forest Park, IL 60130

or by special process server to:

Metro Garage, Inc.
c/o Ted Karitsiotis, Registered Agent
6201 W. 26th St.
Berwyn, IL 60402

_____
Patrick T. Wallace

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND, et al., | ) | |
| Plaintiffs, | ) | Case No.: 07 C 4664 |
| v. | ) | |
| | ) | Judge Kennelly |
| PETER KARITSIOTIS, a/k/a PETER KARIS, | ) | |
| individually and d/b/a EXECUTIVE | ) | |
| CONSTRUCTION, | ) | |
| Defendants, | ) | Returnable after Nov. 17, 2011 |
| and | ) | |
| METRO GARAGE, INC., | ) | and before Dec. 6, 2011 |
| Garnishee Respondent. | ) | |

## WAGE DEDUCTION SUMMONS

TO: Metro Garage, Inc.
c/o Ted Karitsiotis, Registered Agent
201 W. 26th St.
Berwyn, IL 60402

YOU ARE SUMMONED and required to file answers to the judgment creditors' interrogatories in the office of the Clerk of this Court at 219 South Dearborn Street, 20th Floor, Chicago, IL 60604, after November 17, 2011 and before December 6, 2011. However, if this summons is served on you less than three (3) days before that date, you must file answers to the interrogatories on or before a new return date, to be set by the Court not less than 21 days after you were served with this summons.

This proceeding applies to non-exempt wages due at the time you were served with this summons and to wage which become due until the balance of the judgment is paid.

IF YOU FAIL TO ANSWER, A CONDITIONAL JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNTS OF THE JUDGMENT UNPAID.

WITNESS:

MICHAEL W. DOBBINS
Clerk of Court

_____
Deputy

OCT 27 2011
Date

Attorneys for plaintiffs
Patrick T. Wallace
Office of Fund Counsel
Laborers Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

# INTERROGATORIES/ANSWER TO WAGE DEDUCTION PROCEEDINGS

Employer Metro Garage, Inc. certifies under penalty of perjury that the following Answer is true and correct to the best of his/her knowledge and belief concerning the property of the judgment debtor:

Debtor Name:     Peter Karitsiotis
Social Security No.: _____

Do you pay monies to the judgment debtor listed above? ____ Yes ____ No

State whether any funds paid to the debtor are for disability, retirement, or are in any other way exempt or subject to other Court Order: _____
_____

One pay period equals: _____ day(s) _____ week(s) _____ month(s)

CALCULATION TO DETERMINE AMOUNT OF WITHHOLDING:

(A)    Gross Wages minus mandatory contributions to pension or retirement plan is     (A) $_____

(B)    <u>Method I</u>    15% of (A)     (B) $_____
       <u>Method II</u>
       (C)    Enter Total FICA, State and Federal Tax and Medicare     (C) $_____
       (D)    Subtract (C) from (A)     (D) $_____
       (E)    Enter 45 x Current Federal Minimum Hourly Wage per pay period.     (E) $_____

(F)    Subtract (E) from (D)     (F) $_____

(G)    Enter the lesser of Line (B) or (F)     (G) $_____

(H)    Enter Child Support or other Court Order Deduction     (H) $_____

(I)    Subtract (H) from (G)     (I) $_____

(J)    Subtract Employer's Statutory Fee (§5/12-814)     (J) $_____

(K)    Amount to be applied to judgment     (K) $_____

Line I is the amount to be withheld from employee's paycheck as of the date of service of Summons and not disbursed until further order of Court.

_____
Signature of Employer

## INSTRUCTIONS

1. Mail a copy of this Answer to the Clerk of Court, mail to the attorney for Plaintiffs (see address on Page One), and give a copy to the Defendant.
2. You will receive a copy of a Court Order instructing you how to proceed and where to send deducted funds.

Employer/Agent: _____
Agent Name: _____
Employer Name: _____
Address: _____
Phone: _____
Fax: _____

Clerk of U.S. District Court
Northern District of Illinois
219 S. Dearborn Street, 20th Floor
Chicago, IL 60604

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND, et al., | ) |
| Plaintiffs, | ) Case No.: 07 C 4664 |
| v. | ) |
| | ) Judge Kennelly |
| PETER KARITSIOTIS, a/k/a PETER KARIS, | ) |
| individually and d/b/a EXECUTIVE | ) |
| CONSTRUCTION, | ) |
| Defendants, | ) |
| and | ) |
| METRO GARAGE, INC., | ) |
| Garnishee Respondent. | ) |

## AFFIDAVIT FOR WAGE DEDUCTION ORDER

Patrick T. Wallace, an attorney, on oath states:

1. I believe employer Metro Garage, Inc. is indebted to the judgment debtor Peter Karitsiotis for wages due or to become due. Employer's address is c/o Ted Karitstiotis, Registered Agent, 6201 W. 26th St., Berwyn, IL 60402

2. The last known addresses of the judgment debtor are 3103 Ridgeland Ave., Berwyn, IL 60402-3576 and 7716 Neenah Ave., Burbank, IL 60459-1128.

I request that a summons be issued directed to employer and I certify that a copy of the Wage Deduction Notice was mailed to judgment debtor at his last known addresses prior to filing of this wage deduction proceeding.

Patrick T. Wallace, Office of Fund Counsel
Laborers Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604

Subscribed and sworn to before me this 27th day of October 2011

Notary Public

OFFICIAL SEAL
KAREN TARJAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/05/13

## CERTIFICATE OF ATTORNEY FOR JUDGMENT CREDITORS

I, the undersigned, certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 that judgment was entered by the United States District Court for the Northern District of Illinois, Eastern Division, in Case No. 07 C 4664 on September 1, 2005 against Defendant Dominic Vitro in the amount of $410,003.84. To date $7,806.49 been paid on the judgment.

Patrick T. Wallace

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LABORERS' PENSION FUND, ET AL.<br><br>PLAINTIFF(S)<br><br>vs.<br><br>PETER KARITSIOTIS, a/k/a PETER KARIS, individually and d/b/a EXECUTIVE CONSTRUCTION, ET AL.<br><br>DEFENDANT(S) | COURT DATE: 12/1/2011<br><br>Case No.<br>07 C4664<br><br>SERVICE DOCUMENTS:<br>WAGE DEUCTION SUMMONS;<br>INTERROGATORIES/ANSWER TO WAGE DEDUCTION PROCEEDINGS; AFFIDAVIT FOR WAGE DEDUCTION ORDER; WAGE DEDUCTION NOTICE |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On Nov 08, 2011, at 4:58 PM, I served the above described documents upon METRO GARAGE, INC. as shown below:

CORPORATE SERVICE was made by leaving a true and correct copy of the documents with TED KARITSIOTIS / REGISTERED AGENT, an officer, managing agent or authorized agent of the within named company.

Said service was effected at 201 W 26TH ST, BERWYN, IL 60402.

DESCRIPTION: Gender: M  Race: WHITE  Age: 47  Hgt: 5'8"  Wgt: 190  Hair: BALD  Glasses: NO

I declare under penalties of perjury that the information contained herein is true and correct.

*Joseph T Wachowski*

Joseph T Wachowski, Lic #: 117-001119
Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 505
Wheaton, IL 60187
(630) 221-9007

SUBSCRIBED AND SWORN to before me this 9th day of November, 2011

*Joan C. Harenberg*

OFFICIAL SEAL
JOAN C HARENBERG
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/28/13

NOTARY PUBLIC

| CLIENT NAME:<br>Laborers Pension and Welfare Funds*<br>FILE #: | ORIGINAL PROOF OF SERVICE | TRACKING #<br>73821 |
|---|---|---|


EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused copies of the foregoing Motion for Entry of Conditional Judgment and for Rule to Show Cause to be served upon the following persons via U.S. Mail this 27th day of April 2012.

Peter Karitsiotis, a/k/a Peter Karis,
 individually and d/b/a Executive Construction
3103 Ridgeland Ave.
Berwyn, IL 60402-3576

Peter Karis
7716 Neenah Ave.
Burbank, IL 60459-1128

Metro Garage, Inc.
c/o Ted Karitsiotis, Registered Agent
6201 W. 26th St.
Berwyn, IL 60402

/s/ Patrick T. Wallace